BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
PAULA R. BROWN (254142)
JENNIFER L. MACPHERSON (202021)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
pbrown@bholaw.com
jmacpherson@bholaw.com

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
W. DANIEL "DEE" MILES, III (*PHV*)
DEMET BASAR (*PHV*)
H. CLAY BARNETT, III (*PHV*)
J. MITCH WILLIAMS (*PHV*)
DYLAN T. MARTIN (*PHV*)
272 Commerce Street
Montgomery, AL 36104
Tel: 334/269-2343
334/954-7555 (fax)
Dee.Miles@Beasleyallen.com
Demet.Basar@BeasleyAllen.com
Clay.Barnett@BeasleyAllen.com
Mitch.Williams@BeasleyAllen.com
Dylan.Martin@BeasleyAllen.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOWNSEND VANCE and ZACHARY HAINES, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>     v.<br><br>MAZDA MOTOR OF AMERICA, INC. D/B/A MAZDA NORTH AMERICAN OPERATIONS, MAZDA MOTOR CORPORATION, DENSO CORPORATION, and DENSO INTERNATIONAL AMERICA, INC,<br><br>        Defendants. | Case No. 8:21-cv-01890-JLS-KES<br><br>**CLASS ACTION**<br><br>**SETTLEMENT AGREEMENT** |

# TABLE OF CONTENTS

**Section**                                                          **Page**

I.     PROCEDURAL HISTORY ............................................................ 4

II.    DEFINITIONS.............................................................................8

III.   SETTLEMENT RELIEF .............................................................15

IV.    NOTICE TO THE CLASS............................................................23

V.     REQUESTS FOR EXCLUSION ...................................................29

VI.    OBJECTIONS TO SETTLEMENT...............................................30

VII.   RELEASE AND WAIVER.............................................................32

VIII.  ATTORNEYS' FEES, COSTS, AND EXPENSES AND CLASS
       REPRESENTATIVE SERVICE AWARDS................................37

IX.    PRELIMINARY APPROVAL ORDER, FINAL ORDER,
       FINAL JUDGMENT, AND RELATED ORDERS.....................38

X.     MODIFICATION OR TERMINATION OF THIS
       SETTLEMENT AGREEMENT .....................................................40

XI.    GENERAL MATTERS AND RESERVATIONS.......................43

# TABLE OF EXHIBITS

| Document | Exhibit No. |
|---|---|
| List of Additional Vehicles | 1 |
| List of Recalled Vehicles | 2 |
| Preliminary Approval Order | 3 |
| Notice Plan | 4 |
| Long Form Notice | 5 |
| Direct Mail Notice | 6 |
| Publication Notice | 7 |
| Claim Form | 8 |
| Settlement Administrator's Declaration | 9 |
| Final Judgment | 10 |
| Final Order | 11 |

00218407

**WHEREAS**, Plaintiffs' Consolidated Class Action Complaints in the above-referenced Action (all terms defined below) allege that certain Denso fuel pumps in certain Mazda vehicles are defective;

**WHEREAS**, Class Counsel have conducted substantial discovery, have investigated the facts and underlying events relating to the subject matter of the Action, have retained an independent automotive engineering expert to analyze the alleged defect and potential solutions, have carefully analyzed the applicable legal principles, and have concluded, based upon their investigation, and taking into account the risks, uncertainties, burdens, and costs of further prosecution of the Action, and taking into account the substantial benefits to be received pursuant to this Settlement Agreement and that a resolution and compromise on the terms set forth herein is fair, reasonable, adequate, and in the best interests of Class Representatives and the other Class Members, and treats Class Members fairly and equitably in relation to one another;

**WHEREAS**, Mazda and Denso, for the purpose of avoiding burden, expense, risk, and uncertainty of continuing to litigate the Action, and for the purpose of putting to rest all controversies with Class Representatives, the other Class members, the Action, and claims that were or could have been alleged, except as otherwise set forth herein, and without any admission of liability or wrongdoing, desire to enter into this Settlement Agreement;

**WHEREAS**, as a result of extensive arm's length negotiations, at times with the assistance of Court-appointed Settlement Special Master Patrick A. Juneau, Class Representatives, Class Counsel, Mazda, and Denso have entered into this Settlement Agreement;

**WHEREAS**, Class Counsel represent and warrant that they are fully authorized to enter into this Settlement Agreement on behalf of Class Representatives, and that Class Counsel have consulted with and confirmed that

00218407

all proposed Class Representatives fully support and have no objection to this Settlement Agreement; and

**WHEREAS**, it is agreed that this Settlement Agreement shall not be deemed or construed to be an admission, concession, or evidence of any violation of any federal, state, or local statute, regulation, rule, or other law, or principle of common law or equity, or of any liability or wrongdoing whatsoever, by Mazda, Denso, or any of the Released Parties, or of the truth or validity of any of the claims that Class Representatives have asserted;

**NOW, THEREFORE**, without any admission or concession by Class Representatives or Class Counsel of any lack of merit to their allegations and claims, and without any admission or concession by Mazda or Denso of any liability or wrongdoing or lack of merit in their defenses, in consideration of the mutual covenants and terms contained herein, and subject to both the preliminary and final approval by the Court, Class Counsel, Class Representatives, Mazda, and Denso agree as follows:

## I.    PROCEDURAL HISTORY

A.    On November 16, 2021, Plaintiffs Vance and Haines commenced this action against Mazda Motor of America, Inc., Mazda Motor Corporation[1], Denso International America, Inc., and Denso Corporation [2] seeking damages and equitable relief for manufacturing and selling Mazda vehicles equipped with defective Fuel Pumps. ECF Doc. 1. On November 23, 2021, Plaintiffs filed their First Amended Class Action Complaint ("FAC") including FCA US LLC as a Defendant. ECF Doc. 15.

B.    Between April 27, 2020 and June 11, 2020, Denso recalled 2.1 million of its defective Fuel Pumps. On July 17, 2020, Mazda issued a foreign

---

[1] Mazda Motor Corporation was voluntarily dismissed without prejudice in May 2022. ECF Doc. 93.

[2] Denso Corporation was voluntarily dismissed without prejudice in March 2022. ECF Doc. 74.

00218407

recall for vehicles equipped with defective Fuel Pumps in China, Japan, Thailand, Malaysia, Vietnam, and Mexico. This recall identified substantially similar vehicles in the U.S., including the 2018-2020 Mazda CX-3, CX-5, CX-9, Mazda2, Mazda3, Mazda6, and MX-5, that were not recalled.

C.    On November 12, 2021, Mazda issued a U.S. Recall for approximately 121,000 vehicles including 2019 CX-3, 2018-2019 CX-5, 2018-2019 CX-9, 2019-2020 Mazda2, 2018 Mazda3, 2018 Mazda6, and 2018-2019 MX-5 vehicles manufactured at various times between April 2018 and January 2020.

D.    In the FAC, Plaintiffs alleged that Mazda Vehicles equipped with the Denso Fuel Pumps were unsafe to drive because the Fuel Pump's impeller is made of unsuitable, low-density material that could not withstand its operating environment. Fuel Pumps are a key part of a vehicle's fuel injection system because they regulate the flow of fuel from the fuel tank to the engine and allow the vehicle to be operated as intended by the driver. Plaintiffs alleged the low-density impeller in the Denso Fuel Pumps could deform and interfere with the body of the Fuel Pump, causing it to become inoperative which can result in engine stalls, other symptoms, and increase the risk of crash. Plaintiffs alleged that Defendants improperly limited the scope of the U.S. recall, excluding other 2013-2020 Mazda vehicles equipped with the same defective Denso Fuel Pumps. Plaintiffs also alleged that the Recall remedy was insufficient for failing to replace the entire Fuel Pump assembly.

E.    On December 15, 2021, Plaintiffs and Defendants filed a joint stipulation to extend Defendants' time to respond to the FAC, ECF Doc. 34, and, on December 23, 2021, the Parties filed a stipulation to extend the time for Plaintiffs to file a Second Amended Class Action Complaint ("SAC"). ECF Doc. 35. On December 27, 2021, the Court granted the Parties' stipulation to extend the time to file the SAC and entered a briefing schedule. ECF Doc. 36.

F.      On January 19, 2022, Plaintiffs filed their SAC. ECF Doc. 39.

G.      On February 15, 2022, counsel for all Parties held a conference regarding Plaintiffs' allegations in the SAC pursuant to L.R. 7-3 and filed a stipulation to continue Defendants' deadline to respond to Plaintiffs' SAC until March 16, 2022. ECF Doc. 57.

H.      On March 16, 2022, each defendant moved to dismiss all seventeen causes of action for violation of state consumer protection statutes and warranty laws, common law fraud, strict liability, negligent recall, and violation of the Magnuson-Moss Warranty Act. ECF Docs. 64, 66, 69.

I.      On the same day, the Court issued an order for Plaintiffs to show cause regarding lack of prosecution of Mazda Motor Corporation and Denso Corporation. ECF Doc. 72. On March 22, 2022, Plaintiffs voluntarily dismissed Denso Corporation after negotiating a tolling agreement to avoid timely and costly service under the Hague Convention, ECF Doc. 74, and filed their response to the order to show cause requesting an additional thirty days to negotiate a tolling agreement with Mazda. ECF Doc. 75.

J.      On April 20, 2022, Plaintiffs filed their oppositions to Defendants' motions to dismiss and motion to strike nationwide class allegations, ECF Docs. 84-87, and, on May 13, 2022, Defendants filed their reply memoranda. ECF Docs. 89-92.

K.      On May 19, 2022 and July 6, 2022, Plaintiffs voluntarily dismissed their claims against Mazda Motor Corporation and FCA US LLC, respectively. ECF Docs. 93 and 101.

L.      Between July 7, 2022 and December 2, 2022, the Parties filed stipulations to continue the hearings on the motions to dismiss and motion to strike in an effort to narrow the issues and explore settlement. ECF Docs. 104, 107, 112.

00218407

M.    On March 31, 2023, the Court denied Defendants' motions to dismiss and motion to strike without prejudice and with leave to refile if the Parties were unable to reach settlement. ECF Doc. 114.

N.    Between March 2023 and December 2023, Mazda produced confirmatory discovery in the aid of negotiations, and Plaintiffs' independent automotive expert sourced and inspected over 350 Denso Fuel Pumps, and analyzed their operation, specifications, and the density of their impellers. As part of confirmatory discovery, Defendants produced and Plaintiffs analyzed over 6,609 pages of documents related to the design and operation of the subject fuel pumps, warranty data, failure modes attributed to the subject fuel pumps, the Defendants' investigation into the defect, the Recall, and the defect countermeasure development and implementation. The Parties exchanged multiple rounds of correspondence regarding complex warranty data and failure analysis which helped to inform the scope of settlement. The Parties engaged in numerous in-person, Zoom and telephonic conferences and ultimately were successful in reaching an agreement on the substantive terms of this Settlement.

O.    On March 11, 2024, the Parties jointly moved the Court to appoint Patrick A. Juneau as Settlement Special Master. ECF Doc. 127. The Court granted the motion the same day and entered an order appointing Patrick A. Juneau as Settlement Special Master to, among other things, administer, coordinate, preside over and assist the Parties on settlement-related issues, including settlement negotiations and implementation. ECF Doc. 128. The Parties subsequently had numerous communications with the Settlement Special Master, including an in-person mediation regarding a potential agreement on attorneys' fees, costs, class representative service awards, as well as discussions about the terms, timing, and other issues related to the Settlement.

P.    On July 12, 2024, the Court held a hearing regarding Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. ECF

00218407

Doc. 141. The Court continued the hearing and ordered the Parties to submit a revised Settlement Agreement and supplemental briefing clarifying certain provisions of Settlement relief, among other things.

## II.    DEFINITIONS

A.    As used in this Settlement Agreement and the attached exhibits (which are an integral part of this Settlement Agreement and are incorporated herein in their entirety by reference), the following terms have the following meanings, unless this Settlement Agreement specifically provides otherwise:

1.    "Action" means *Vance v. Mazda Motor of America, Inc., et al*., Case No. 8:21-cv-01890-CJC-KES (C.D. Ca.).

2.    "Additional Vehicles" means Covered Vehicles identified in Exhibit 1.

3.    "Agreement" or "Settlement Agreement" means this Settlement Agreement and the exhibits attached hereto or incorporated herein, as well as any and all subsequent amendments and any exhibits to such amendments.

4.    "Attorneys' Fees, Costs, and Expenses" means such funds as may be awarded by the Court to compensate any and all attorneys representing plaintiffs for their fees and expenses in connection with the Action and the Settlement Agreement, as described in Section VIII of this Settlement Agreement.

5.    "Claim" means the claim of a Class Member or his or her or its representative for reimbursement as part of the Out-of-Pocket Claims Process submitted on a Claim Form as provided in this Settlement Agreement.

6.    "Claimant" means a Class Member who has submitted a Claim Form for reimbursement as part of the Out-of-Pocket Claims Process.

7.    "Claim Form" means the document in substantially the same form as Exhibit 8 attached to this Settlement Agreement by which a Claim shall be submitted for reimbursement as part of the Out-of-Pocket Claims Process.

8.    "Claim Submission Period" means the time frame in which Class Members may submit a Claim Form for reimbursement as part of the Out-of-Pocket Claims Process to the Settlement Administrator, which shall run from the entry of the Preliminary Approval Order up to and including ninety (90) days after the Court's issuance of the Final Order and Final Judgment.

9.    "Claims Process" means the process for submitting and reviewing Claims described in Section III.C., below, of this Settlement Agreement.

10.    "Class" or "Class Member(s)" means, for settlement purposes only, all individuals or legal entities who, at any time as of the entry of the Preliminary Approval Order, own or owned, purchase(d) or lease(d) Covered Vehicles in any of the fifty States, the District of Columbia, Puerto Rico, and all other United States territories and/or possessions.  Excluded from the Class are: (a) Mazda, its officers, directors and employees; its affiliates and affiliates' officers, directors and employees; its distributors and distributors' officers, directors and employees; and Mazda Dealers and Mazda Dealers' officers and directors; (b) Denso, its officers, directors and employees; its affiliates and affiliates' officers, directors and employees; its distributors and distributors' officers, directors and employees; (c) Plaintiffs' Counsel; and (d) judicial officers and their immediate family members and associated court staff assigned to this case.  In addition, persons or entities are not Class Members once they timely and properly exclude themselves from the Class, as provided in this Settlement Agreement, and once the exclusion request is finally approved by the Court.

11.    "Class Action Complaint" means the Second Amended Class Action Complaint, ECF Doc. 39, filed in this Court on January 19, 2022.

12.    "Class Counsel" means W. Daniel "Dee" Miles III of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. and Timothy G. Blood of Blood Hurst & O'Reardon LLP.

00218407

1      13.    "Class Notice" means the notice program described in Section

2    IV, below.

3      14.    "Class Representatives" means Townsend Vance and Zachary

4    Haines.

5      15.    "Court" means the United States District Court for the Central

6    District of California.

7      16.    "Covered Vehicles" means the Additional Vehicles and the

8    Recalled Vehicles.

9      17.    "Date of First Use" (DOFU) means the date that the Covered

10   Vehicle was originally sold or leased by a Mazda Dealer.

11     18.    "Defendants" means Mazda and Denso.  Singular "Defendant"

12   means Mazda or Denso.

13     19.    "Denso" means Denso International America, Inc..

14     20.    "Denso's Counsel" means Butzel Long, P.C.

15     21.    "Direct Mail Notice" means the notice substantially in the form

16   as attached hereto as Exhibit 6 that shall be sent to current and former owners and

17   lessees of Covered Vehicles as provided in Section IV.B., below, of this Settlement

18   Agreement.

19     22.    "Fairness Hearing" means the hearing for the purposes of the

20   Court determining whether to approve this Settlement Agreement as fair,

21   reasonable, and adequate, and to award Attorneys' Fees, Costs and Expenses and

22   Class Representative service awards.

23     23.    "Final Effective Date" means the latest date on which the Final

24   Order and/or Final Judgment approving this Settlement Agreement becomes final.

25   For purposes of this Settlement Agreement:

26        a) if no appeal has been taken from the Final Order and/or

27           Final Judgment, "Final Effective Date" means three days

28

after the date on which the time to appeal therefrom has expired; or

b) if any appeal has been taken from the Final Order and/or Final Judgment, "Final Effective Date" means three days after the date on which all appeals therefrom, including petitions for rehearing or reargument, petitions for rehearing *en banc*, and petitions for certiorari or any other form of review, have been finally disposed of in a manner that affirms the Final Order or Final Judgment; or

c) subject to Court approval, if Class Counsel, Mazda, and Denso agree in writing, for purposes of fulfilling the terms of the Settlement Agreement, the "Final Effective Date" can occur on any other agreed date.

d) For clarity, neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

24. "Final Judgment" means the Court's final judgment, which is to be on terms substantially consistent with this Agreement. A proposed form is attached hereto as Exhibit 10.

25. "Final Order" means the Court's order approving the Settlement Agreement and awarding Attorneys' Fees, Costs and Expenses and Class Representative service awards, which is to be on terms substantially consistent with this Agreement.   A proposed form is attached hereto as Exhibit 11.

26. "Fuel Pumps" means the low-pressure Denso fuel pumps that were installed as original equipment in the Covered Vehicles and are alleged in the Action to be defective.

27.    "Loaner/Towing Program" means the program described in Section III.A.2 and Section III.B.2, below.

28.    "Loaner Vehicle" means a vehicle of any potential make, model, or year, provided pursuant to the Customer Support Program and the Extended New Parts Warranty.

29.    "Long Form Notice" means the Long Form Notice substantially in the form attached hereto as Exhibit 5 that shall be available to Class Members as provided in Section IV.E, below, of this Settlement Agreement.

30.    "Mazda" means Mazda Motor of America, Inc., operating as Mazda North American Operations.

31.    "Mazda Dealers" means authorized Mazda dealers.

32.    "Mazda's Counsel" means Bowman and Brooke LLP and Nelson Mullins Riley & Scarborough LLP.

33.    "Notice Program" means the notice plan attached hereto as Exhibit 4 and the plans and methods set forth in Section IV, below, of this Settlement Agreement.

34.    "Opt-Out Deadline" means the date specified by the Court in the Preliminary Approval Order.

35.    "Parties" means Class Representatives, Mazda, and Denso, collectively, as each of those terms is defined in this Settlement Agreement.

36.    "Preliminary Approval Order" means the order to be entered by the Court preliminarily approving the settlement as outlined in Section IX, below, and to be substantially consistent with this Agreement. A proposed form is attached hereto as Exhibit 3.

37.    "Publication Notice" means the notice substantially in the form attached hereto as Exhibit 7.

00218407

38.    "Recall" means Mazda's recall of the Recalled Vehicles, namely, Mazda's Recall 5321K, NHTSA Campaign Number 21V-875, submitted to NHTSA on or about November 12, 2021.

39.    "Release" means the release and waiver set forth in Section VII, below, of this Settlement Agreement and in the Final Judgment and Final Order.

40.    "Released Parties" or "Released Party" means any Mazda entity, including, but not limited to, Mazda Motor of America, Inc. (d/b/a Mazda North American Operations), Mazda Motor Corporation, and each of their past, present, and future parents, predecessors, successors, spin-offs, assigns, holding companies, joint-ventures and joint-venturers, partnerships and partners, members, divisions, stockholders, bondholders, subsidiaries, related companies, affiliates, officers, directors, employees, associates, dealers, representatives, suppliers, vendors, advertisers, service providers, distributors and sub-distributors, agents, attorneys, administrators, and advisors; and any Denso entity, including, but not limited to, Denso International America, Inc., Denso Corporation, Associated Fuel Pump Systems Company (AFCO), Denso Manufacturing Athens Tennessee, Inc., Kyosan Denso Manufacturing Kentucky, LLC, and each of their past, present, and future parents, predecessors, successors, spin-offs, assigns, holding companies, joint-ventures and joint-venturers, partnerships and partners, members, divisions, stockholders, bondholders, subsidiaries, related companies, affiliates, officers, directors, employees, associates, dealers, representatives, suppliers, vendors, advertisers, service providers, distributors and sub-distributors, agents, attorneys, administrators, and advisors. The Parties expressly acknowledge that each of the foregoing is included as a Released Party even though not identified by name herein.

41.    "Salvaged Vehicle" means a vehicle for which the title, at any point, was transferred to a salvage yard, junkyard, wreckage facility, or similar entity.

42.    "Settlement Administrator" means the Court-appointed third-party agent or administrator agreed to by the Parties and submitted to the Court for appointment to implement the Notice Program and address the Claims Process. The Parties agree that JND Legal Administration shall serve as Settlement Administrator, subject to approval by the Court.

43.    "Recalled Vehicles" means those vehicles that were identified as part of the Recall as defined in Section II.A.41,  and that are listed in Exhibit 2.

44.    "Settlement Special Master" means Patrick A. Juneau, who was appointed by the Court by Order dated  March 11, 2024 to serve as Settlement Special Master. The Settlement Special Master is authorized, among other things, to administer, coordinate, and preside over and assist the Parties with settlement-related issues, including settlement implementation, resolution of issues regarding any denial of Settlement benefits raised by members of the proposed Class on which the Parties are unable to agree after a good-faith attempt, and resolution of appeals filed by Class members whose Claims have been denied.  ECF Doc. 128.

45.    "Supporting Documentation" means all of the following: (1) a repair invoice or record for out-of-pocket expenses incurred to repair or replace a Fuel Pump of a Covered Vehicle(s), and/or associated towing or rental car expense, which identifies the name of the Settlement Class Member, the Covered Vehicle, the Mazda Dealer or other facility that performed the qualifying repair and/or associated towing or rental car expense, and the date of and amount charged for the qualifying repair and/or associated towing or rental car expense; and (2) to the extent not included in the record in subsection (1) above, record(s), receipt(s) and/or invoice(s) demonstrating that the Settlement Class Member paid for the qualifying repair and/or associated towing or rental car expense.

46. "Technical Training" means videos that are available to authorized Mazda retailer technicians that explain the technical procedures for conducting the recall repair of the Fuel Pumps.

**B.** Other capitalized terms used in this Settlement Agreement but not defined in this Section shall have the meanings ascribed to them elsewhere in this Settlement Agreement.

**C.** The terms "he or she" and "his or her" include "them," "their," "it," or "its," where applicable.

## III. SETTLEMENT RELIEF

In consideration for the dismissal of the Action with prejudice, as contemplated in this Settlement Agreement, and for the full and complete Release, Final Judgment, and Final Order, as further specified herein, Defendants shall provide the relief specified in this Section. The costs and expenses associated with providing the relief and otherwise implementing the relief specified in this Section III of this Settlement Agreement shall be provided by Defendants.

After the issuance of the Preliminary Approval Order signed by the Court, Defendants, at their sole discretion, may, after consultation with Class Counsel, implement the Customer Support Program in advance of the occurrence of the Final Effective Date.

### A. Additional Vehicles: Customer Support Program

1. Mazda will offer the Customer Support Program ("CSP") to all Class Members who, as of the Final Effective Date, own or lease Additional Vehicles. A Class Member's rights under the CSP are transferred with the Additional Vehicle. Salvaged Vehicles, inoperable vehicles, and vehicles with titles marked flood-damaged are not eligible for this benefit. The CSP will provide prospective coverage for repairs (including parts and labor) needed to correct defects, if any, in materials or workmanship in the Fuel Pumps for the Additional Vehicles. The implementation of the CSP will begin no later than 30 days after the Final Effective

Date. Coverage under the CSP for the original parts will continue for 15 years, measured from the Date of First Use.

2.    Additional Vehicles: Loaner/Towing Program - Without cost to and upon request from Class Members who own or lease Additional Vehicles, whose fuel pumps are being replaced pursuant to the CSP, Class Members shall be entitled to receive:

a)    a complimentary Loaner Vehicle by Mazda Dealers upon reasonable notice. In appropriate circumstances, where the Class Member has a demonstrated need for a Loaner Vehicle similar to the Additional Vehicle, Mazda, through its dealers, shall use good faith efforts to satisfy the request. A Loaner Vehicle will be provided at the time a Class Member drops off her Additional Vehicle for repair or replacement under the CSP. Class Members may return the Loaner Vehicle up to 24 hours after the time they drop off their Additional Vehicle at the Mazda Dealer, or 24 hours after they are informed by the Mazda Dealer that the repair on their Additional Vehicle has been completed, whichever is later; and

b)    if the Additional Vehicle is inoperable or is exhibiting a dangerous condition, a complimentary tow to a Mazda Dealer upon reasonable notice.  The Class Member may contact a Mazda Dealer to arrange for towing to the nearest Mazda Dealer.

3.    In the event that any of the Additional Vehicles becomes the subject of a future or expanded recall for the same or similar impeller issues in a low pressure fuel pump, those Additional Vehicles will then be entitled to the same relief provided to Recalled Vehicles in Section III.B, below, such that Class Members with recalled Additional Vehicles shall receive no less relief than provided in this Settlement Agreement. Class Members who currently own or lease, or previously owned or leased, Additional Vehicles may also be eligible to seek reimbursement of covered expenses under the Out-of-Pocket Claims Process

in Section III.C. below, subject to the Claim Submission Period and other terms and conditions of that program.

4.    If a Class Member and/or subsequent purchaser/lessee of a Covered Vehicle is denied coverage for repairs (including parts and labor) pursuant to Section III.A of this Settlement Agreement, the Class Member and/or subsequent purchaser/lessee may take the Covered Vehicle to a second Mazda Dealer for an independent determination.

5.    If the second Mazda Dealer determines that the Covered Vehicle qualifies for a repair and/or replacement of the fuel pump kit, the Class Member shall be provided those benefits as provided in this Agreement.

6.    If the second Mazda Dealer denies coverage of a Class Member and/or subsequent purchaser/lessee of a Covered Vehicle for repairs (including parts and labor) pursuant to Section III.A of this Settlement Agreement, the Class Member may notify the Settlement Administrator, and the provisions of section III.D. shall be followed.

7.    During the twelve (12) months after the Final Effective Date, the Settlement Administrator, with cooperation of Mazda's Counsel and Denso's Counsel, shall provide quarterly reports to Class Counsel and Settlement Special Master concerning the implementation of and Class Member participation in the Customer Support Program.

**B.    Recalled Vehicles: Extended New Parts Warranty**

1.    Mazda shall extend the new parts warranty coverage for the fuel pump kit replaced ("replacement fuel pump kit") on the Recalled Vehicles, pursuant to the Recall. The extended warranty will last for 15 years, measured from the replacement date, and up to 150,000 miles, whichever comes first. A Class Member's rights under the Extended New Parts Warranty are transferred with the Recalled Vehicle.

00218407

2.     Recalled Vehicles: Loaner/Towing Program - Without cost to and upon request from Class Members who own or lease Recalled Vehicles whose fuel pumps are being replaced pursuant to the Extended Warranty shall be entitled to receive:

a)     a complimentary Loaner Vehicle by Mazda Dealers upon reasonable notice. In appropriate circumstances, where the Class Member has a demonstrated need for a Loaner Vehicle similar to the Recalled Vehicle, Mazda, through its dealers, shall use good faith efforts to satisfy the request. Class Members may return the Loaner Vehicle up to 24 hours after the time they drop off their Recalled Vehicle at the Mazda Dealer, or 24 hours after they are informed by the Mazda Dealer that the repair on their Recalled Vehicle has been completed, whichever is later; and

b)     If the Recalled Vehicle is inoperable or is exhibiting a dangerous condition, a complimentary tow to a Mazda Dealer upon reasonable notice.  The Class Member may contact a Mazda Dealer to arrange for towing to the nearest Mazda Dealer.

3.     If a Class Member and/or subsequent purchaser/lessee of a Covered Vehicle is denied coverage for repairs (including parts and labor) pursuant to Section III.B of this Settlement Agreement, the Class Member and/or subsequent purchaser/lessee may take the Covered Vehicle to a second Mazda Dealer for an independent determination.

4.     If the second Mazda Dealer determines that the Covered Vehicle qualifies for a repair and/or replacement of the fuel pump kit, the Class Member shall be provided those benefits as provided in this Agreement.

5.     If the second Mazda Dealer denies coverage of a Class Member and/or subsequent purchaser/lessee of a Covered Vehicle for repairs (including parts and labor) pursuant to Section III.B of this Settlement Agreement, the Class

00218407

Member may notify the Settlement Administrator, and the provisions of section III.D. shall be followed.

### C. Out-of-Pocket Claims Process

1.    Class Members, during the Claim Submission Period, may submit Claims for previously paid out-of-pocket expenses incurred to repair or replace a Fuel Pump of Covered Vehicles that were not otherwise reimbursed and that were either (a) incurred prior to the entry of the Preliminary Approval Order; or (b) incurred after the entry of Preliminary Approval Order and before the Final Effective Date.  For out-of-pocket expenses that were incurred after the entry of the Preliminary Approval Order and before the Final Effective Date, the Class Member must provide proof that they were denied coverage by the Mazda dealer prior to incurring the expense.

2.    Class Members who provide Supporting Documentation and who made repair or replacement of a Fuel Pump on a Covered Vehicle may be reimbursed for: (i) rental vehicles; (ii) towing; and (iii) any unreimbursed repairs or part replacements. Out-of-pocket expenses that are the result of damage, collision, and/or misuse/abuse will not be eligible for reimbursement. Vehicles where the title, prior to the qualified Fuel Pump repair, was transferred to a salvage yard, junkyard, wreckage facility, or similar entity, inoperable vehicles, and vehicles with titles marked flood-damaged are not eligible for this benefit.

3.    As part of the Claims Process, Class Members shall be eligible for the relief in this Section, if Class Members: (a) complete and timely submit Claim Forms, with Supporting Documentation, to the Settlement Administrator within the Claim Submission Period; (b) have Claims that are eligible for reimbursement; and (c) do not opt out of the settlement.  The Claim Form shall be available on the settlement website and can be submitted in either hard-copy or online.  In no event shall a Class Member be entitled to submit more than one Claim Form per Covered Vehicle.  Claims must be submitted with Supporting Documentation.

00218407

4.    The Settlement Administrator shall receive the Claims, whether submitted electronically via the settlement website or in paper copy, and the Settlement Administrator shall administer the review and processing of Claims. The Settlement Administrator shall have the authority to determine whether Claim Forms submitted by Class Members are complete and timely.

5.    The Settlement Administrator's review period for submitted Claims shall not be required to commence any earlier than sixty (60) days after the occurrence of the Final Effective Date. The Settlement Administrator shall use reasonable efforts to complete their review of timely and completed Claim Forms within sixty (60) days.

6.    If accepted for payment, the Settlement Administrator shall pay the Claim of the Class Member and shall use reasonable efforts to pay timely, valid, and approved Claims within sixty (60) days after the approval of the Claim.  In order to timely pay claims as set forth in the preceding sentence, the Settlement Administrator shall periodically request funds from Defendants to pay the approved Claims with sufficient time to allow Defendants to obtain and provide the funds to the Settlement Administrator.

7.    If a Claim is deficient, the Settlement Administrator shall mail a notice of deficiency letter to the Class Member and email notice to the Class Member if an email address was provided, requesting that the Class Member complete and/or correct the deficiencies and resubmit the Claim Form within sixty (60) days of the date of the letter and/or e-mail from the Settlement Administrator.

(a)    If the Class Member fails to respond or provide the requested documentation or information, the deficient Claim (or deficient portion thereof) shall be denied without further processing.

(b)    If the Class Member completes and/or corrects the deficiencies and resubmits the Claim Form within sixty (60) days, the Settlement Administrator shall use reasonable efforts to complete their review of

resubmitted Claim Forms within sixty (60) days. If accepted for payment, the Settlement Administrator shall pay the Claims in the next distribution of checks for allowed Claims.

8.    For any checks that are uncashed by Class Members after ninety (90) days, the Settlement Administrator shall seek to contact the Class Members with the uncashed checks and have them promptly cash the checks, including, but not limited to, by reissuing checks. The Settlement Administrator will void any checks, including re-issued checks, that are uncashed by Class Members after six (6) months from the date the check is issued.

**D.    Reconsideration and Appeals – Claim Denial and Other Settlement Benefits**

1.    If a Class Member's timely Claim is rejected for payment, in whole or in part, pursuant to Section III.C, the Settlement Administrator shall notify Class Counsel, Mazda's Counsel, and Denso's Counsel of said rejection of Class Member's Claim and the reason(s) why within sixty (60) days of the rejection.

(a)    Class Counsel, Mazda's Counsel, and Denso's Counsel may meet and confer to resolve any denied Claims. If Class Counsel, Mazda's Counsel, and Denso's Counsel jointly recommend payment of the rejected Claims or payment of a reduced claim amount, then Mazda's Counsel and/or Denso's Counsel shall inform the Settlement Administrator of the joint recommendation. The Settlement Administrator shall then pay any approved portions of the Claims in the next distribution of checks for allowed Claims.

(b)    If Class Counsel, Mazda's Counsel, and Denso's Counsel disagree on the Settlement Administrator's initial determination, they shall so notify the Settlement Administrator and Settlement Special Master, with explanation, and the Settlement Special Master shall make a final determination as to whether the Claim shall be paid. If the Settlement

Special Master determines a Claim should be rejected in full or in part, the Settlement Special Master shall so inform the Settlement Administrator who shall mail a notice of rejection letter to the Class Member and email notice to the Class member if an e-mail address was provided. If the Settlement Special Master determines a Claim should be allowed, in full or in part, the Settlement Special Master shall so inform the Settlement Administrator who shall then pay the Claim in the next distribution of checks.

(c)     The Settlement Administrator shall provide status reports to Class Counsel, Mazda's Counsel, Denso's Counsel, and Settlement Special Master every six (6) months until the distribution of the last reimbursement check, including copies of all rejection notices. Any Class Member whose Claim is rejected in full shall not receive any payment for the Claim submitted and shall, in all other respects, be bound by the terms of the Settlement Agreement and by the Final Order and Final Judgment entered in the Action. Similarly, any Class Member whose Claim is approved in part and rejected in part shall not receive any payment for that portion of the Claim that is rejected and shall, in all other respects, be bound by the terms of the Settlement Agreement and by the Final Order and Final Judgment entered in the Action.

2.     **No person shall have any claim against Mazda, Denso, Class Representatives, the Class, Plaintiffs' Counsel, Class Counsel, Mazda's Counsel, Denso's Counsel, or the Settlement Administrator based on any eligibility determinations.**

3.     In the event there remains a dispute by a Class Member relating to entitlement to, or denial of, any benefit under the Customer Support Program, the Loaner/Towing Program, and/or the Extended New Parts Warranty that is not resolved after exhausting all other means of resolution available under this Settlement, the Settlement Administrator shall provide written notice of same,

together with all necessary documentation, to the Settlement Special Master, Class Counsel, Mazda's Counsel and Denso's Counsel within fifteen (15) days of the final act constituting the denial of the benefit.

       (a)    Class Counsel, Mazda's Counsel, and Denso's Counsel shall confer and either make a joint recommendation to the Settlement Administrator or, if they are unable to agree, shall separately relay their positions concerning the dispute to the Settlement Special Master within thirty (30) days. The Settlement Special Master shall make a final determination concerning the dispute and provide written notice of same, with directions for implementation, to the Parties, and the Settlement Administrator, within thirty (30) days. Mazda's Counsel, Denso's Counsel, and/or the Settlement Administrator shall implement the Settlement Special Master's determination within thirty (30) days.

**E.**    **Technical Training**

Mazda has created and made available to Mazda Dealers technical training videos on how to correctly install the replacement fuel pump kit, which Mazda will remind and instruct its dealer technicians to view before they conduct repairs of the Fuel Pumps pursuant to the Customer Support Program or the Extended New Parts Warranty.

**IV.**    **NOTICE TO THE CLASS**

    **A.**    **Class Notice**

1.    Class Notice will be accomplished through a combination of Direct Mail Notice, notice through the settlement website, Long Form Notice, social media notice, and such other notice as Class Counsel or Defendant believe is required by Fed. R. Civ. P. 23, the Due Process Clause of the United States Constitution, and all other applicable statutes, laws and rules, including those described below, as well as those in the Preliminary Approval Order, the Declaration of the Settlement Administrator and the Notice Plan (attached hereto

as Exhibits 9 and 4), and this Settlement Agreement. Implementation of the Notice Program will commence on the date of entry of the Preliminary Approval Order. The Notice Program shall be carried out in substantially the manner provided in this Settlement Agreement. The costs of the Notice Program, including disseminating the notice and otherwise implementing the notice specified in this Section IV of this Settlement Agreement, shall be paid by Defendants.

## B.    Direct Mail Notice

1.    Consistent with the timeline specified in the Preliminary Approval Order, the Settlement Administrator shall begin to send the Direct Mail Notice, substantially in the form attached hereto as Exhibit 6, by U.S. Mail, proper postage prepaid, to the current and former registered owners of Covered Vehicles, as identified by data to be forwarded to the Settlement Administrator by Experian. The Direct Mail Notice shall inform those persons of how to obtain the Long Form Notice via the settlement website, via regular mail or via a toll-free telephone number, pursuant to Sections IV.D through F, below. In addition, the Settlement Administrator shall: (a) re-mail any notices returned by the United States Postal Service with a forwarding address; (b) by itself or using one or more address research firms, as soon as practicable following receipt of any returned notices that do not include a forwarding address, research such returned mail for better addresses and promptly mail copies of the applicable notice to any updated addresses so found.

2.    The QR code associated with the Direct Notice shall remain active and the link associated with the QR code shall be maintained in proper working order by the Settlement Administrator for the duration of the Customer Support Program.

## C.    Settlement Website

1.    The Settlement Administrator shall establish a settlement website that will inform Class Members of the terms of this Settlement Agreement, their rights,

dates and deadlines and related information. The website shall include, in .pdf format, materials agreed upon by the Parties and/or required by the Court, including, but not limited to, the Settlement Agreement, the Long Form Notice, in English and Spanish, Frequently Asked Questions and Answers, Court documents that may be of interest to most Class Members and a VIN Lookup Tool that will show whether a vehicle is a Covered Vehicle. Settlement Class Members shall be able to file Claim Forms and submit Opt-Out requests via the Settlement Website.

### D.   Long Form Notice

1.    Contents of Long Form Notice.

The Long Form Notice shall be in a form substantially similar to the document attached to this Settlement Agreement as Exhibit 5, and shall advise Class Members of the following:

a)    General Terms: The Long Form Notice shall contain a plain and concise description of the nature of the Action, the history of the Action, the preliminary certification of the Class for settlement purposes, and the Settlement Agreement, including information on the identity of Class Members, how the Settlement Agreement would provide relief to the Class and Class Members, the Release under the Settlement Agreement, and other relevant terms and conditions.

b)    Opt-Out Rights: The Long Form Notice shall inform Class Members that they have the right to opt out of the settlement.  The Long Form Notice shall provide the deadlines and procedures for exercising this right.

c)    Objection to Settlement: The Long Form Notice shall inform Class Members of their right to object to the Settlement Agreement, the requested award of Attorneys' Fees, Costs and Expenses, and/or the requested Class Representative service awards, and to appear at the Fairness

Hearing.  The Long Form Notice shall provide the deadlines and procedures for exercising these rights.

        d)     Fees and Expenses: The Long Form Notice shall inform Class Members about the amounts being sought by Class Counsel as Attorneys' Fees, Costs and Expenses and individual awards to Class Representatives, and shall explain that Defendants will pay the fees and expenses awarded to Class Counsel and individual awards to Class Representatives in addition to amounts being made available for relief to Class Members by this Settlement Agreement.

    2.    Dissemination of Long Form Notice.

The Long Form Notice shall be available on the settlement website in English and Spanish. The Settlement Administrator shall send, via first-class mail, the Long Form Notice to those persons who request it in writing or through the toll-free telephone number.

### E.    Toll-Free Telephone Number

The Settlement Administrator shall establish a toll-free telephone number that will provide settlement-related information to Class Members.

### F.    Internet Banner Notifications

The Settlement Administrator shall, pursuant to the Parties' agreement, establish banner notifications on the internet and a social media program that will provide settlement-related information to Class Members in substantially the manner provided in the Notice Plan attached hereto as Exhibit 4.

### G.    Class Action Fairness Act Notice

The Settlement Administrator shall send to each appropriate State and Federal official, the materials specified in 28 U.S.C. § 1715, and shall otherwise comply with its terms.  The identities of such officials and the content of the materials shall be mutually agreeable to the Parties and in all respects comport with statutory obligations.

**H.    Duties of the Settlement Administrator for the Notice Program**

1.    The Settlement Administrator shall be responsible for, without limitation: (a) printing, mailing or arranging for the mailing of the Direct Mail Notice; (b) handling returned mail not delivered to Class Members; (c) attempting to obtain updated address information for any Direct Mail Notices returned without a forwarding address; (d) making any additional mailings required under the terms of this Settlement Agreement; (e) responding to requests for Long Form Notice; (f) receiving and maintaining on behalf of the Court any Class Member correspondence regarding requests for exclusion and/or objections to the Settlement Agreement; (g) forwarding written inquiries to Class Counsel or their designee for a response, if warranted; (h) establishing a post-office box for the receipt of any correspondence; (i) responding to requests from Class Counsel, Mazda's Counsel, and Denso's Counsel; (j) establishing and maintaining a website and toll-free voice response unit with message capabilities to which Class Members may refer for information about the Action and the Settlement Agreement; (k) otherwise implementing and/or assisting with the dissemination of the notice of the Settlement Agreement; (l) coordinating with the Parties and the Special Settlement Master concerning any disputes by Class Members relating to the denial of any benefits under this Settlement.  The Settlement Administrator shall also be responsible for, without limitation, implementing the terms of the Claims Process and related administrative activities, as discussed above in this Settlement Agreement. The Settlement Administrator shall be responsible for arranging for, establishing internet banner notifications and for consulting on Class Notice.  The Settlement Administrator shall perform their responsibilities so as to minimize costs in effectuating the terms of this Settlement Agreement.

2.    If the Settlement Administrator makes a material or fraudulent misrepresentation to any party, conceals requested material information, or fails to perform adequately on behalf of Mazda, Denso, or the Class, the Parties may agree

00218407

1    to remove the Settlement Administrator.  Disputes between the Parties regarding

2    the retention or dismissal of the Settlement Administrator shall be referred to the

3    Court for resolution.

4           3.    The Settlement Administrator may retain one or more persons

5    to assist in the completion of his or her responsibilities.

6           4.    Not later than 7 days before the date of the Fairness Hearing,

7    the Settlement Administrator shall file with the Court a list of those persons who

8    sought to exclude themselves from this Settlement and the terms of this Settlement

9    Agreement.  Not later than 7 days before the date of the Fairness Hearing, the

10   Settlement Administrator shall file with the Court an affidavit setting forth the

11   details outlining the scope, method, and results of the Notice Program.

12          5.    The Settlement Administrator and the Parties shall, promptly

13   after receipt, provide copies of any requests for exclusion, objections, and/or

14   related correspondence to each other.

15   **I.    Self-Identification**

16          Persons or entities who believe that they are Class Members, but did not

17   previously receive Direct Mail Notice, may (a) utilize the VIN Lookup Tool or

18   contact the Settlement Administrator or Class Counsel to determine whether their

19   vehicle is eligible for the Customer Support Program pursuant to Section III.A. of

20   this Settlement Agreement or the Extended New Parts Warranty pursuant to

21   Section III.B. of this Settlement Agreement, and/or (b) contact the Settlement

22   Administrator or Class Counsel and provide necessary documentation indicating

23   that they wish to be eligible for the relief provided in this Settlement Agreement.

24   Class Counsel, Mazda's Counsel, and Denso's Counsel shall confer and either

25   make a joint recommendation to the Settlement Administrator or separately relay

26   their positions concerning the request to the Settlement Special Master, which shall

27   then make a final determination concerning the request and provide written notice

28

of same to the Parties. In the event any such request is granted, the requesting person or entity shall be fully bound by the Release.

**V.   REQUESTS FOR EXCLUSION**

**A.**   Any Class Member who wishes to be excluded from the Class must submit a request for exclusion to the Settlement Administrator, via U.S. mail at the address provided in the Long Form Notice or electronically on the Settlement Website, on or before the date specified in the Preliminary Approval Order, specifying that he or she wants to be excluded and otherwise complying with the terms stated in the Long Form Notice and Preliminary Approval Order. The request must include:

1.   The case name and number of the Action;

2.   The excluding Class Member's full name, current residential address, mailing address (if different), telephone number, and e-mail address;

3.   An explanation of the basis upon which the excluding Class Member claims to be a Class Member, including the make, model year, and VIN(s) of the Covered Vehicle(s);

4.   A request that the Class Member wants to be excluded from the Class; and

5.   The excluding Class Member's dated, handwritten signature or an electronic signature (if submitting via the Settlement Website), as the case may be. An attorney's signature is not sufficient.

**B.**   The Settlement Administrator shall forward copies of any written requests for exclusion to Class Counsel, Mazda's Counsel, and Denso's Counsel. A list reflecting all timely, valid requests for exclusion shall be filed with the Court by the Settlement Administrator no later than 7 days before the Fairness Hearing. If a potential Class Member files a request for exclusion, he or she may not file an objection under Section VI, below.

**C.** Any Class Member who does not file a timely, valid request for exclusion as provided in this Section V shall be bound by all subsequent proceedings, orders, and judgments, including, but not limited to, the Release, Final Judgment, and Final Order in the Action, even if he, she, or it has litigation pending or subsequently initiates litigation against Mazda and/or Denso relating to the claims and transactions released in the Action.

**D.** Mazda's and Denso's Counsel shall provide to the Settlement Administrator, within 20 business days of the entry of the Preliminary Approval Order, a list of all counsel for anyone who has then-pending litigation against Mazda and/or Denso relating to claims involving the Covered Vehicles and/or otherwise covered by the Release.

## VI. OBJECTIONS TO SETTLEMENT

**A.** Any Class Member who has not excluded themselves pursuant to Section V and wishes to object to the Settlement Agreement, the requested award of Attorneys' Fees, Costs, and Expenses, and/or the requested Class Representative service awards must (1) file their objection electronically with the Court on or before the date specified in the Preliminary Approval Order, or (2) mail their objection to the Clerk of the Court, Class Counsel, and Defendants' counsel with a postmark dated on or before the date specified in the Preliminary Approval Order. For an objection to be considered by the Court, the objection must be received by the Court on or before the deadline established by the Court for submitting objections. For an objection to be considered by the Court, the objection must also set forth:

1. The case name and number of the Action;

2. The objector's full name, current residential address, mailing address (if different), telephone number, and e-mail address;

3. An explanation of the basis upon which the objector claims to be a Class Member, including the make, model year, and VIN(s) of the Covered

Vehicle(s), and whether the Covered Vehicle is currently owned or currently leased by the Class Member;

4. Whether the objection applies only to the objector, to a specific subset of the Class or to the entire Class, and all grounds for the objection, accompanied by any legal support for the objection, and any documents or other evidence the objector believes supports the objection;

5. The number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection to this Settlement, the caption and case number of each case in which the objector has made such objection and the caption and case number of any related appeal, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

6. The full name, telephone number, mailing address, and e-mail address of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement Agreement and/or the request for Attorneys' Fees, Costs and Expenses;

7. The identity of all counsel representing the objector who will appear at the Fairness Hearing;

8. The number of times the objector's counsel has objected to a class action settlement within the five years preceding the date that they have filed the objection, and the caption and case number of each case in which objector's counsel has made such objection and the caption and case number of any related appeal;

9. If the Class Member or his or her counsel have not made any such prior objection, the Class Member shall affirmatively so state in the written materials provided with the objection;

10.    A list of all persons who will be called to testify at the Fairness Hearing in support of the objection;

11.    A statement confirming whether the objector intends to personally appear and/or testify at the Fairness Hearing; and

12.    The objector's original signature and date of signature. Each objection must be personally signed by the objector (an electronic signature or attorney's signature is not sufficient).

**B.**    Any Class Member who fails to comply with the provisions of Section VI.A, above, shall be deemed to have waived and forfeited any and all rights he or she may have to appear separately and object, whether by a subsequent objection, intervention, appeal, or any other process, and shall be bound by all the terms of this Settlement Agreement and by all proceedings, orders and judgments, including, but not limited to, the Release, the Final Order, and the Final Judgment in the Action.  The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of this Section VI.A. Without limiting the foregoing, any challenge to the Settlement Agreement, Final Order, or Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through collateral proceedings.  Class Members may not both object and request exclusion (opt out).

**C.**    Any Class Member who objects to the Settlement Agreement shall be entitled to all the benefits of the Settlement Agreement if the Settlement Agreement and the terms contained herein are approved, as long as the objecting Class Member complies with all requirements of this Settlement Agreement applicable to Class Members.

**VII.   RELEASE AND WAIVER**

**A.**    The Parties agree to the following release and waiver, which shall take effect upon entry of the Final Judgment and Final Order.

**B.** In consideration for the Settlement Agreement, Class Representatives, and each Class Member, on behalf of themselves and any other legal or natural persons who may claim by, through, or under them, agree to fully, finally, and forever release, relinquish, acquit, and discharge the Released Parties from any and all claims, demands, suits, petitions, liabilities, causes of action, rights, and damages of any kind and/or type regarding the subject matter of the Action, including, but not limited to, compensatory, exemplary, punitive, expert and/or attorneys' fees or by multipliers, whether past, present, or future, mature, or not yet mature, known or unknown, suspected or unsuspected, contingent or non-contingent, derivative or direct, asserted or un-asserted, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, violations of any state's deceptive, unlawful, or unfair business or trade practices, false, misleading or fraudulent advertising, consumer fraud or consumer protection statutes, any breaches of express, implied or any other warranties, RICO, or the Magnuson-Moss Warranty Act, or any other source, or any claim of any kind arising from, related to, connected with, and/or in any way involving the Action, the Covered Vehicles' Fuel Pumps, and/or associated parts that are, or could have been, defined, alleged, or described in the Class Action Complaint, the Action, or any amendments of the Class Action Complaint ("Released Claims"); provided, however, that notwithstanding the foregoing, Class Representatives and the other Class Members are not releasing claims for personal injury, wrongful death or physical property damage (except to the Fuel Pump in the Covered Vehicle itself) from the Covered Vehicle.

**C.** Notwithstanding the foregoing, Class Representatives and/or the other Class Members shall hold Released Parties harmless for all Released Claims that may be asserted by another legal or natural person (including but not limited to legal guardians and estate administrators) who claim by, through, or under that Class Representative or Class Member.

00218407

**D.** The Final Order will reflect the terms of this Release.

**E.** Class Representatives, on behalf of the other Class Members and through Class Counsel, expressly agree that this Release, the Final Order, and/or the Final Judgment is, will be, and may be raised as a complete defense to, and will preclude any action or proceeding encompassed by, this Release.

**F.** Class Representatives and Class Members shall not now or hereafter institute, maintain, prosecute, assert, and/or cooperate in the institution, commencement, filing, or prosecution of any suit, action, and/or proceeding, against the Released Parties, either directly or indirectly, on their own behalf, on behalf of a class or on behalf of any other person or entity with respect to the claims, causes of action and/or any other matters released through this settlement and the Settlement Agreement.

**G.** In connection with the Settlement Agreement, Class Representatives, on behalf of the other Class Members, acknowledge that they and other Class Members may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those that they now know or believe to be true concerning the subject matter of the Action and/or the Release herein. Nevertheless, it is the intention of Class Counsel and Class Representatives in executing this Settlement Agreement to fully, finally, and forever settle, release, discharge, and hold harmless all such matters, and all claims relating thereto which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to the Action, provided, however, that Class Representatives and the other Class Members are not releasing claims for personal injury, wrongful death or physical property damage (except to the Fuel Pump in the Covered Vehicle itself) from the Covered Vehicle.

**H.** Class Representatives expressly understand and acknowledge that they will be deemed by the Final Judgment and Final Order to acknowledge and

00218407

waive Section 1542 of the Civil Code of the State of California, which provides that:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Class Representatives expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable or equivalent to Section 1542, to the fullest extent they may lawfully waive such rights.

**I.**    Class Representatives represent and warrant that they are the sole and exclusive owners of all claims that they personally are releasing under this Settlement Agreement. Class Representatives further acknowledge that they have not assigned, pledged, or in any manner whatsoever sold, transferred, assigned, or encumbered any right, title, interest, or claim arising out of or in any way whatsoever pertaining to the Action, including, without limitation, any claim for benefits, proceeds, or value under the Action, and that Class Representatives are not aware of anyone other than themselves claiming any interest, in whole or in part, in the individual claims that they are releasing under the Settlement Agreement or in any benefits, proceeds, or values in the individual claims that they are releasing under the Settlement Agreement.

**J.**    Without in any way limiting its scope, and, except to the extent otherwise specified in the Agreement, this Release covers by example and without limitation, any and all claims for attorneys' fees, expert or consultant fees, interest,

1  litigation expenses, or any other fees, costs, and/or disbursements incurred by
2  Class Counsel, Plaintiffs' Counsel, Class Representatives, or other Class Members
3  who claim to have assisted in conferring the benefits under this Settlement
4  Agreement upon the Class.

5  **K.**    In consideration for the Settlement Agreement, Mazda and Denso and
6  their past or present officers, directors, employees, agents, attorneys, predecessors,
7  successors, affiliates, subsidiaries, divisions, successors and assigns shall be
8  deemed to have, and by operation of the Final Order shall have, released Plaintiffs'
9  Counsel, Class Counsel, and each Class Representative from any and all causes of
10 action that were or could have been asserted pertaining solely to the conduct in
11 filing and prosecuting the litigation or in settling the Action.

12 **L.**    Class Representatives, Plaintiffs' Counsel, Class Counsel, and any
13 other attorneys who receive attorneys' fees and costs from this Settlement
14 Agreement acknowledge that they have conducted sufficient independent
15 investigation and discovery to enter into this Settlement Agreement and, by
16 executing this Settlement Agreement, state that they have not relied upon any
17 statements or representations made by the Released Parties or any person or entity
18 representing the Released Parties, other than as set forth in this Settlement
19 Agreement.

20 **M.**    The Parties specifically understand that there may be further
21 pleadings, discovery requests and responses, testimony, or other matters or
22 materials owed by the Parties pursuant to existing pleading requirements,
23 discovery requests, or pretrial rules, procedures, or orders, and that, by entering
24 into this Settlement Agreement, the Parties expressly waive any right to receive,
25 hear, or inspect such pleadings, testimony, discovery, or other matters or materials.

26 **N.**    Nothing in this Release shall preclude any action to enforce the terms
27 of the Settlement Agreement, including participation in any of the processes
28 detailed herein.

**O.**     Class Representatives and Class Counsel hereby agree and acknowledge that the provisions of this Release together constitute an essential and material term of the Settlement Agreement and shall be included in any Final Judgment and Final Order entered by the Court.

## VIII.  ATTORNEYS' FEES, COSTS, AND EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS

**A.**     At the conclusion of the Parties reaching agreement on the substantive material terms of this Settlement, the Parties mediated the issue of reasonable attorneys' fees, costs, and individual Class Representative service awards, with the assistance of Settlement Special Master Patrick A. Juneau on April 11, 2024. To date, the Parties have not reached any agreement on attorneys' fees, costs, and Class Representative service awards.

**B.**     As such, Class Counsel shall make an application for an award of attorneys' fees in an amount not to exceed Fifteen Million Dollars ($15,000,000). Class Counsel shall make an application for reimbursement of Plaintiffs' Counsel's reasonable out-of-pocket expenses in an amount not to exceed Two Hundred Thousand Dollars ($200,000). Any Court-approved attorneys' fees and reimbursement of reasonable out-of-pocket expenses shall be paid by Defendants in addition to the other settlement relief provided to the Class. Defendants have agreed to pay reasonable attorneys' fees and out-of-pocket costs, but do not agree to these "not to exceed" amounts and instead reserve the right to oppose the amounts sought.

**C.**     Class Counsel, on behalf of Plaintiffs, shall also make an application for Class Representative service awards in an amount not to exceed Five Thousand Dollars ($5,000) each. Any service award shall be in addition to the benefits that the Class Representative is entitled to receive as a member of the Settlement Class. Defendants have agreed to pay reasonable service awards to the two named

1  Plaintiffs/Class Representatives, but do not agree to these "not to exceed" amounts
2  and instead reserve the right to oppose the amounts sought.

3      **D.**      No order of the Court, or modification or reversal or appeal of any
4  order of the Court, concerning the amount(s) of any Attorneys' Fees, Costs, and
5  Expenses awarded by the Court to Class Counsel, or concerning the amounts of
6  Class Representative service awards that are awarded by the Court to Class
7  Representatives, shall affect whether the Final Order and Final Judgment are final
8  and shall not constitute grounds for cancellation or termination of the settlement.

9  **IX.    PRELIMINARY APPROVAL ORDER, FINAL ORDER, FINAL**
10 **JUDGMENT, AND RELATED ORDERS**

11     **A.**      On or before May 3, 2024, the Parties shall seek from the Court a
12 Preliminary Approval Order in a form substantially similar to Exhibit 3.  The
13 Preliminary Approval Order shall, among other things:

14          1.      Certify a nationwide settlement-only Class, approve Class
15 Representatives as Class Representatives, and appoint Class Counsel as counsel
16 for the Class, pursuant to Fed. R. Civ. P. 23;

17          2.      Preliminarily approve the Settlement Agreement;

18          3.      Require the dissemination of the Notice and the taking of all
19 necessary and appropriate steps to accomplish this task;

20          4.      Determine that Class Notice and the Notice Program comply
21 with all legal requirements, including, but not limited to, Fed. R. Civ. P. 23 and
22 the Due Process Clause of the United States Constitution;

23          5.      Schedule a date and time for a Fairness Hearing to determine
24 whether the Settlement Agreement should be finally approved by the Court, and
25 whether the requested Attorneys' Fees, Costs and Expenses and Class
26 Representative service awards should be granted;

27          6.      Require Class Members who wish to exclude themselves to
28 submit an appropriate and timely request for exclusion as directed in this

Settlement Agreement and Long Form Notice and provide that a failure to do so shall bind those Class Members who remain in the Class;

7.    Require Class Members who wish to object to this Settlement Agreement to submit an appropriate and timely written statement as directed in this Settlement Agreement and Long Form Notice;

8.    Require attorneys representing Class Members objecting to the Settlement Agreement, at such Class Members' expense, to file a timely notice of appearance with the Court as directed in the Long Form Notice;

9.    Appoint the Settlement Administrator;

10.    Authorize Mazda and/or Denso to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement; and

11.    Issue other related orders to effectuate the preliminary approval of the Settlement Agreement.

**B.**    After the Fairness Hearing, the Parties shall seek to obtain from the Court a Final Order and Final Judgment in the forms substantially similar to Exhibits 11 and 10, which shall seek, among other things, the following relief:

1.    Find that the Court has personal jurisdiction over all Class Members, that the Court has subject matter jurisdiction over the claims asserted in the Action, and that venue is proper;

2.    Confirm the certification of the Class for settlement purposes only, pursuant to Fed. R. Civ. P. 23;

3.    Finally approve the Settlement Agreement, pursuant to Fed. R. Civ. P. 23;

4.    Find that the Class Notice and the Notice Program comply with all laws, including, but not limited to, Fed. R. Civ. P. 23 and the Due Process Clause of the United States Constitution;

5.      Dismiss the Action with prejudice and without costs (except as provided for herein as to costs);

6.      Incorporate the Release set forth in the Agreement and make the Release effective as of the date of the Final Order and Final Judgment;

7.      Issue a permanent injunction;

8.      Authorize the Parties to implement the terms of the Settlement Agreement;

9.      Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Final Order and Final Judgment, and for any other necessary purpose; and

10.     Issue related Orders to effectuate the final approval of the Settlement Agreement and its implementation.

## X.      MODIFICATION OR TERMINATION OF THIS SETTLEMENT AGREEMENT

**A.**      The terms and provisions of this Settlement Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that after entry of the Final Order and Final Judgment, the Parties may by written agreement effect such amendments, modifications, or expansions of this Settlement Agreement and its implementing documents (including all exhibits hereto) without further notice to the Class or approval by the Court if such changes are consistent with the Court's Final Order and Final Judgment and do not limit the rights of Class Members under this Settlement Agreement.

**B.**      This Settlement Agreement shall terminate at the discretion of either Mazda or Denso or Class Representatives, through Class Counsel, if: (1) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of the Settlement Agreement that the terminating party reasonably determine(s) is material, including, without limitation, the terms of relief, the findings, or

conclusions of the Court, the provisions relating to notice, the definition of the Class, and/or the terms of the Release; or (2) the Court, or any appellate court(s), does not enter or completely affirm, or alters, narrows or expands, any portion of the Final Order and Final Judgment, or any of the Court's findings of fact or conclusions of law, that the terminating party reasonably determine(s) is material; or (3) the Parties are unable after good-faith efforts to reach agreement regarding Additional Vehicles. The terminating party must exercise the option to withdraw from and terminate this Settlement Agreement, as provided in this Section X.B., by a signed writing served on the other Parties no later than 20 days after receiving notice of the event prompting the termination. The Parties will be returned to their positions status quo ante.

**C.**    If an option to withdraw from and terminate this Settlement Agreement arises under Section X.B above, neither Mazda, Denso, nor Class Representatives, through Class Counsel, are required for any reason or under any circumstance to exercise that option and any exercise of that option shall be in good faith.

**D.**    If, but only if, this Settlement Agreement is terminated pursuant to Section X.B, above, then:

1.    This Settlement Agreement shall be null and void and shall have no force or effect, and no Party to this Settlement Agreement shall be bound by any of its terms, except for the terms of this Section X.D;

2.    The Parties will petition the Court to have any stay orders entered pursuant to this Settlement Agreement lifted;

3.    All of its provisions, and all negotiations, statements, and proceedings relating to it shall be without prejudice to the rights of Mazda, Denso, Class Representatives, or any Class Member, all of whom shall be restored to their respective positions existing immediately before the execution of this Settlement Agreement, except that the Parties shall cooperate in requesting that the Court set

00218407

1    a new scheduling order such that no Party's substantive or procedural rights are
2    prejudiced by the settlement negotiations and proceedings;

3            4.      Class Representatives, on behalf of themselves and their heirs,
4    assigns, executors, administrators, predecessors, and successors, and on behalf of
5    the Class, expressly and affirmatively reserve and do not waive all motions as to,
6    and arguments in support of, all claims, causes of action, or remedies that have
7    been or might later be asserted in the Action including, without limitation, any
8    argument concerning class certification, and treble or other damages;

9            5.      Mazda, Denso, and the other Released Parties expressly and
10   affirmatively reserve and do not waive all motions and positions as to, and
11   arguments in support of, all defenses to the causes of action or remedies that have
12   been sought or might be later asserted in the actions, including without limitation,
13   any argument or position opposing class certification, liability, or damages or
14   argument that the Action may not be litigated as a class action;

15           6.      Neither the fact of the Settlement Agreement having been
16   made, the negotiations leading to it, nor any discovery or action taken by a Party
17   or Class Member pursuant to this Settlement Agreement shall be admissible or
18   entered into evidence for any purpose whatsoever, except to the extent the
19   Settlement Agreement is filed with the Court, it can be referenced in the Action
20   and any related appeal;

21           7.      Any settlement-related order(s) or judgment(s) entered in this
22   Action after the date of execution of this Settlement Agreement shall be deemed
23   vacated and shall be without any force or effect;

24           8.      All costs incurred in connection with the Settlement
25   Agreement, including, but not limited to, notice, publication, claims administration
26   and customer communications are the responsibility of Defendants and will be
27   paid by Defendants.  Neither Class Representatives nor Class Counsel shall be
28   responsible for any of these costs or other settlement-related costs; and

9.     Notwithstanding the terms of this paragraph, if the Settlement is not consummated, Class Counsel may include any time spent in settlement efforts as part of any fee petition filed at the conclusion of the case, and Mazda and Denso reserve the right to object to the reasonableness of such requested fees.

## XI.    GENERAL MATTERS AND RESERVATIONS

**A.**    Mazda and Denso have denied and continue to deny each and all of the claims and contentions alleged in the Action, and have denied and continue to deny that they have committed any violation of law or engaged in any wrongful act that was alleged, or that could have been alleged, in the Action.  Mazda and Denso believe that they have valid and complete defenses to the claims asserted against them in the Action and deny that they committed any violations of law, engaged in any unlawful act or conduct, or that there is any basis for liability for any of the claims that have been, are, or might have been alleged in the Action. Nonetheless, Mazda and Denso have concluded that it is desirable that the Action be fully and finally settled in the matter and upon the terms and conditions set forth in this Settlement Agreement.

**B.**    The obligation of the Parties to conclude the Settlement Agreement is and shall be contingent upon each of the following:

1.     Entry by the Court of the Final Order and Final Judgment approving the Settlement Agreement, from which the time to appeal has expired or which has remained unmodified after any appeal(s); and

2.     Any other conditions stated in this Settlement Agreement.

**C.**    The Parties and their counsel agree to keep the existence and contents of this Settlement Agreement confidential until the date on which the Motion for Preliminary Approval is filed; provided, however, that this Section shall not prevent Mazda or Denso from disclosing such necessary information from this Settlement Agreement, prior to the date on which the Motion for Preliminary Approval is filed, to state and federal agencies, independent accountants, actuaries,

00218407

1   advisors, financial analysts, insurers, or attorneys. Nor shall it prevent the Parties
2   and their counsel from disclosing such information to persons or entities (such as
3   experts, courts, co-counsel, and/or administrators) to whom the Parties agree
4   disclosure must be made to effectuate the terms and conditions of this Settlement
5   Agreement.

6         **D.**    Class Representatives and Class Counsel agree that the confidential
7   information made available to them solely through the settlement process was
8   made available, as agreed to, on the condition that neither Class Representatives
9   nor their counsel may disclose it to third parties (other than experts or consultants
10  retained by Class Representatives in connection with the Action); that it not be the
11  subject of public comment; that it not be used by Class Representatives or Class
12  Counsel in any way in this litigation or otherwise should the Settlement Agreement
13  not be achieved, and that it is to be returned if a settlement is not concluded;
14  provided, however, that nothing contained herein shall prohibit Class
15  Representatives from seeking such information through formal discovery if not
16  previously requested through formal discovery or from referring to the existence
17  of such information in connection with the settlement of the Action.

18        **E.**    Information provided by Mazda, Denso, Mazda's Counsel, and/or
19  Denso's Counsel to Class Representatives, Class Counsel, Plaintiffs' Counsel, any
20  individual Class Member, counsel for any individual Class Member, and/or
21  administrators, pursuant to the negotiation and implementation of this Settlement
22  Agreement, includes trade secrets and highly confidential and proprietary business
23  information and shall be deemed "Highly Confidential" pursuant to the protective
24  orders that have been or will be entered in the Action, and shall be subject to all of
25  the provisions thereof. Any materials inadvertently produced shall, upon Mazda's
26  or Denso's request, be promptly returned to Mazda's Counsel or Denso's Counsel,
27  and there shall be no implied or express waiver of any privileges, rights, and
28  defenses.

00218407

**F.**    Within 90 days after the Final Effective Date (unless the time is extended by agreement of the Parties), Class Counsel, Plaintiffs' Counsel, and any expert or other consultant employed by them in such capacity or any other individual with access to documents provided by Mazda, Denso, Mazda's Counsel, and/or Denso's shall either: (i) return to Mazda's Counsel or Denso's Counsel, all such documents and materials (and all copies of such documents in whatever form made or maintained), physical evidence, and/or tangible items produced during the settlement process by Mazda and/or Mazda's Counsel or Denso and/or Denso's Counsel and any and all handwritten notes summarizing, describing or referring to such documents; or (ii) certify to Mazda's Counsel or Denso's Counsel that all such documents, physical evidence, tangible items, and/or materials (and all copies of such documents in whatever form made or maintained) produced by Mazda and/or Mazda's Counsel or Denso and/or Denso's Counsel and any and all handwritten notes summarizing, describing or referring to such documents have been destroyed, provided, however, that this Section XI.F shall not apply to any documents made part of the record in connection with a Claim for reimbursement as part of the Out-of-Pocket Claims Process, nor to any documents made part of a Court filing, nor to Class Counsel's and Plaintiffs' Counsel's work-product.  Nothing in this Settlement Agreement shall affect any confidentiality order or protective order in the Action.

**G.**    Mazda's execution of this Settlement Agreement shall not be construed to release – and Mazda expressly does not intend to release – any claim Mazda may have or make against any insurer for any cost or expense incurred in connection with this Settlement Agreement, including, without limitation, for Attorneys' Fees, Costs, and Expenses.

**H.**    Denso's execution of this Settlement Agreement shall not be construed to release – and Denso expressly does not intend to release – any claim Denso may have or make against any insurer for any cost or expense incurred in

00218407

connection with this Settlement Agreement, including, without limitation, for Attorneys' Fees, Costs, and Expenses.

**I.**    Class Counsel represent that: (1) they are authorized by Class Representatives to enter into this Settlement Agreement with respect to the claims in this Action; and (2) they are seeking to protect the interests of the Class.

**J.**    Class Counsel further represent that Class Representatives: (1) have agreed to serve as representatives of the Class proposed to be certified herein; (2) are willing, able, and ready to perform all of the duties and obligations of representatives of the Class, including, but not limited to, being involved in discovery and fact-finding; (3) have read the pleadings in the Action or have had the contents of such pleadings described to them; (4) are familiar with the results of the fact-finding undertaken by Class Counsel; (5) have been kept apprised of settlement negotiations among the Parties, and have either read this Settlement Agreement, including the exhibits annexed hereto, or have received a detailed description of it from Class Counsel and/or Plaintiffs' Counsel and have agreed to its terms; (6) have consulted with Class Counsel about the Action and this Settlement Agreement and the obligations imposed on representatives of the Class; (7) have authorized Class Counsel to execute this Settlement Agreement on their behalf; and (8) shall remain and serve as representatives of the Class until the terms of this Settlement Agreement are effectuated, this Settlement Agreement is terminated in accordance with its terms, or the Court at any time determines that said Class Representatives cannot represent the Class.

**K.**    The Parties acknowledge and agree that no opinion concerning the tax consequences of the Settlement Agreement to Class Members is given or will be given by the Parties, nor are any representations or warranties in this regard made by virtue of this Settlement Agreement. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class

1    Member, and it is understood that the tax consequences may vary depending on
2    the particular circumstances of each individual Class Member.

3        **L.**    Mazda represents and warrants that the individual(s) executing this
4    Settlement Agreement is authorized to enter into this Settlement Agreement on
5    behalf of Mazda.

6        **M.**    Denso represents and warrants that the individual(s) executing this
7    Settlement Agreement is authorized to enter into this Settlement Agreement on
8    behalf of Denso.

9        **N.**    This Settlement Agreement, complete with its exhibits, sets forth the
10   sole and entire agreement among the Parties with respect to its subject matter, and
11   it may not be altered, amended, or modified except by written instrument executed
12   by Class Counsel, Mazda's Counsel on behalf of Mazda, and Denso's Counsel on
13   behalf of Denso. The Parties expressly acknowledge that no other agreements,
14   arrangements, or understandings not expressed in this Settlement Agreement exist
15   among or between them, and that in deciding to enter into this Settlement
16   Agreement, they rely solely upon their judgment and knowledge.  This Settlement
17   Agreement supersedes any prior agreements, understandings, or undertakings
18   (written or oral) by and between the Parties regarding the subject matter of this
19   Settlement Agreement.

20       **O.**    This Settlement Agreement and any amendments thereto shall be
21   governed by and interpreted according to the law of the State of California
22   notwithstanding its conflict-of-laws provisions.

23       **P.**    For the purposes of settlement only, Mazda and Denso consent to the
24   personal jurisdiction of the United States District Court for the Central District of
25   California and any disagreement and/or action to enforce this Settlement
26   Agreement shall be commenced and maintained only in the United States District
27   Court for the Central District of California. However, Mazda and Denso reserve
28

00218407

1  the right to contest personal jurisdiction if the Court does not approve the
2  settlement.

3      **Q.**    Whenever this Settlement Agreement requires or contemplates that
4  one of the Parties shall or may give notice to the other, notice shall be provided by
5  e-mail and/or next-day (excluding Saturdays, Sundays, and Federal Holidays)
6  express delivery service as follows:

7          1.    If to Mazda, then to:

8              Robert Wise
9              NELSON MULLINS RILEY & SCARBOROUGH LLP
                Two James Center
10             1021 East Cary Street, Suite 2120
11             Richmond, VA 23219
                Phone: 804-533-3779
12             Email: robert.wise@nelsonmullins.com
13

14         2.    If to Denso, then to:

15
16             Daniel R.W. Rustmann
                BUTZEL LONG, P.C.
17             150 W. Jefferson, Suite 100
                Detroit, MI 48226
18             Phone: 313-225-7067
19             Email: rustmann@butzel.com

20         3.    If to the Class, then to:

21
22             W. Daniel "Dee" Miles III
                BEASLEY, ALLEN, CROW, METHVIN, PORTIS &
23             MILES, P.C.
                218 Commerce Street
24             Montgomery, Alabama 36104
25             Tel.: (800) 898-2034
                E-mail: Dee.Miles@BeasleyAllen.com
26

27             Timothy G. Blood
                BLOOD HURST & O'REARDON, LLP
28             501 West Broadway, Suite 1490

1

2

San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

3

4

    **R.**      All time periods set forth herein shall be computed in calendar days

5

unless otherwise expressly provided.  In computing any period of time prescribed

6

or allowed by this Settlement Agreement or by order of the Court, the day of the

7

act, event, or default from which the designated period of time begins to run shall

8

not be included.  The last day of the period so computed shall be included, unless

9

it is a Saturday, a Sunday or a Federal Holiday, or, when the act to be done is the

10

filing of a paper in court, a day on which weather or other conditions have made

11

the office of the clerk of the court inaccessible, in which event the period shall run

12

until the end of the next day that is not one of the aforementioned days.  As used

13

in this Section "Federal Holiday" includes New Year's Day, Birthday of Martin

14

Luther King, Jr., Presidents' Day, Memorial Day, Juneteenth, Independence Day,

15

Labor Day, Columbus Day, Veterans Day, Patriot's Day, Thanksgiving Day,

16

Christmas Day, and any other day appointed as a holiday by the President, the

17

Congress of the United States, or the Clerk of the United States District Court for

the Central District of California.

18

19

    **S.**      The Parties reserve the right, subject to the Court's approval, to agree

20

to any reasonable extensions of time that might be necessary to carry out any of

the provisions of this Settlement Agreement.

21

22

    **T.**      The Class, Class Representatives, Class Counsel, Mazda, Mazda's

23

Counsel, Denso, and/or Denso's Counsel shall not be deemed to be the drafter of

24

this Settlement Agreement or of any particular provision, nor shall they argue that

25

any particular provision should be construed against its drafter. All Parties agree

26

that this Settlement Agreement was drafted by counsel for the Parties during

27

extensive arm's-length negotiations.

28

00218407

**U.** The Parties expressly acknowledge and agree that this Settlement Agreement and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, and correspondence, constitute an offer of compromise and a compromise within the meaning of Federal Rule of Evidence 408 and any equivalent rule of evidence in any state. In no event shall this Settlement Agreement, any of its provisions, or any negotiations, statements, or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or in any judicial, administrative, regulatory, or other proceeding, except in a proceeding to enforce this Settlement Agreement or the rights of the Parties or their counsel. Without limiting the foregoing, neither this Settlement Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, the Released Parties, Class Representatives, or the Class or as a waiver by the Released Parties, Class Representatives, or the Class of any applicable privileges, claims, or defenses.

**V.** Class Representatives, through their counsel, expressly affirm that the allegations contained in the Class Action Complaint and all prior complaints filed in the Action were made in good faith, but consider it desirable for the Action to be settled and dismissed because of the substantial benefits that the Settlement Agreement will provide to Class Members.

**W.** The Parties, their successors and assigns, and their counsel undertake to implement the terms of this Settlement Agreement in good faith, and to act in good faith in resolving any disputes that may arise in the implementation of the terms of this Settlement Agreement.

00218407

**X.**     The waiver by one Party of any breach of this Settlement Agreement by another Party shall not be deemed a waiver of any prior or subsequent breach of this Settlement Agreement.

**Y.**     If one Party to this Settlement Agreement considers another Party to be in breach of its obligations under this Settlement Agreement, that Party must provide the breaching Party with written notice of the alleged breach and provide a reasonable opportunity to cure the breach before taking any action to enforce any rights under this Settlement Agreement.

**Z.**     The Parties, their successors and assigns, and their counsel agree to publicly support this Settlement Agreement, to cooperate fully with one another in seeking Court approval of this Settlement Agreement and to use their best efforts to effect the prompt consummation of the Settlement Agreement.

**AA.**   This Settlement Agreement may be signed with a facsimile signature and in counterparts, each of which shall constitute a duplicate original.

**BB.**   In the event any one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision if Mazda's Counsel, on behalf of Mazda, Denso's Counsel, on behalf of Denso, and Class Counsel, on behalf of Class Representatives and Class Members, mutually agree in writing to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Settlement Agreement.  Any such agreement shall be reviewed and approved by the Court before it becomes effective.

**CC.**   This Settlement Agreement shall be binding upon and inure to the benefit of, the successors and assigns of the Class and Defendants.

Agreed to on the date indicated below.

00218407

APPROVED AND AGREED TO BY CLASS COUNSEL
AS AUTHORIZED BY CLASS REPRESENTATIVES


BY:_____    DATE:  July 26, 2024

W. Daniel "Dee" Miles III
BEASLEY ALLEN CROWE
METHVIN PORTIS & MILES, P.C.


BY:_____    DATE:  July 26, 2024

Timothy G. Blood
BLOOD HURST & O'REARDON, LLP

00218407

1    APPROVED AND AGREED TO BY MAZDA MOTOR OF AMERICA, INC.,
2    DOING BUSINESS AS MAZDA NORTH AMERICAN OPERATIONS

3

4
     BY:_____ _____          DATE:  July 26, 2024
5
6    ROBERT WISE

7    NELSON MULLINS RILEY &
     SCARBOROUGH LLP

8    (With Authority And As Counsel For
     MAZDA   MOTOR   OF   AMERICA,
9    INC., DOING BUSINESS AS MAZDA
     NORTH AMERICAN OPERATIONS)
10

11

12

13   APPROVED AND AGREED TO AS TO FORM
     BY MAZDA'S COUNSEL
14

15

16

17
     BY:_____          DATE:  July 26, 2024
18
19   ROBERT WISE
     NELSON MULLINS RILEY &
     SCARBOROUGH LLP
20

21

22

23

24

25

26

27

28

53        Case No. 8:21-cv-01890-JLS-KES
                                    SETTLEMENT AGREEMENT

APPROVED AND AGREED TO BY DENSO INTERNATIONAL AMERICA, INC.

BY _____                    DATE:  July 26, 2024
DANIEL R.W. RUSTMANN
BUTZEL LONG, P.C.
(With Authority And As Counsel For
DENSO INTERNATIONAL AMERICA, INC.)


APPROVED AND AGREED TO AS TO FORM
BY DENSO'S COUNSEL

BY _____                    DATE:  July 26, 2024
DANIEL R.W. RUSTMANN
BUTZEL LONG, P.C.

00218407

00218407