**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TOWNSEND VANCE and ZACHARY HAINES, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>MAZDA MOTOR OF AMERICA, INC. D/B/A MAZDA NORTH AMERICAN OPERATIONS, MAZDA MOTOR CORPORATION, FCA US LLC. DENSO CORPORATION, and DENSO INTERNATIONAL AMERICA, INC,<br><br>      Defendants. | Case No. 8:21-cv-01890-JLS-KES<br><br>**FINAL JUDGMENT** |

   IT IS on this 15th day of April 2025, HEREBY ADJUDGED AND DECREED PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 23 and 58 AS FOLLOWS:

(1) On March 4, 2025, the Court entered an Order (1) Granting Plaintiffs' Motion for Final Approval of Class Action Settlement and (2) Granting Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards ("Final Order") (Doc. 156);

(2) Upon entry of this Final Judgment, Class Representatives, and each member of the Class (except those timely excluded themselves), on behalf of themselves and any other legal or natural persons who may claim by, through, or under them, agree to fully, finally and forever release, relinquish, acquit, and discharge the Released Parties from any and all claims, demands, suits, petitions, liabilities, causes of action, rights, and damages of any kind and/or type regarding the subject matter of the Action, including, but not limited to, compensatory, exemplary, punitive, expert and/or attorneys' fees or by multipliers, whether past, present, or future, mature, or not yet mature, known or unknown, suspected or unsuspected, contingent or non-contingent, derivative or direct, asserted or un-asserted, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, violations of any state's deceptive, unlawful, or unfair business or trade practices, false, misleading or fraudulent advertising, consumer fraud or consumer protection statutes, any breaches of express, implied or any other warranties, RICO, or the Magnuson-Moss Warranty Act, or any other source, or any claim of any kind arising from, related to, connected with, and/or in any way involving the Action, the Covered Vehicles' Fuel Pumps, and/or associated parts that are, or could have been, defined, alleged

or described in the Class Action Complaint, the Action, or any amendments of the Class Action Complaint ("Released Claims"); provided, however, that notwithstanding the foregoing, Class Representatives and the other Class Members are not releasing claims for personal injury, wrongful death or physical property damage (except to the Fuel Pump in the Covered Vehicle itself) from the Covered Vehicle;

(3) For the reasons stated in the Court's Final Order, judgment is entered in accordance with the Final Order, and the claims in this Action are dismissed with prejudice, without costs to any party, except as otherwise provided in the Final Order or in the Settlement Agreement; and

(4) Within **twenty-one (21) days** after the distribution of the last reimbursement check, including copies of all rejection notices, for Class Members who incurred out-of-pocket expenses in connection with the Fuel Pumps, Class Counsel shall file a post-distribution status report that includes all information as provided in the Court's Final Order.

**IT IS SO ORDERED** this 17th day of April 2025.

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE